IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| TERRY BENTON, ZAIN STEPHENS, and WILLIAM BERGHEGER, on behalf of themselves and all other similarly situated persons, known and unknown, <br><br> Plaintiffs, <br><br> v. <br><br> ARCHER-DANIELS-MIDLAND COMPANY, <br><br> Defendant. | Case No. 3:25-cv-03206 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiffs, Terry Benton, Zain Stephens, and William Bergheger (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, known and unknown (the "Plaintiff Class"), complain against Defendant Archer-Daniels-Midland Company, for their failure to pay overtime wages, in violation of the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL"), and in support thereof, state:

### INTRODUCTION

1.  This is a hybrid collective action and class action under Federal and Illinois law for wage theft to recover unpaid minimum wages and unpaid overtime compensation.

2.  Plaintiffs, and the Plaintiff Class they seek to represent, are Material Handler I and IIs, maintenance employees, employees tasked with shipping and receiving, automation technician or assembly line operators, welder-fabricators or structural welders, mechanical assemblers responsible for breaks and governors, CNC or Precision Machinists – Mazak Operations, Gearless Drive Assembly technicians, controls assembly technicians or electrical tester-control systems, structure

assembly technician – car sling production, metal fabricator or steel processing technician, all of whom are currently and formerly employed by Defendant at its various facilities nationwide.

3. Defendant engaged in widespread and systematic policy of paying Plaintiffs and the Plaintiff Class straight time for all hours worked in excess of 40 each week.

4. As a result, Plaintiffs and the Plaintiff Class all experienced unpaid wages in the form of not being paid time-and-one-half their respective hourly rates for hours worked over forty (40) each week.

5. Plaintiffs and the Plaintiff Class were all subject to Defendants' policy or practice of refusing to pay overtime wages to its non-exempt and non-tipped hourly employees.

6. Plaintiffs and the Plaintiff Class were all subject to the same rules and policies enacted by Defendant.

7. Defendant's actions were willful.

## JURISDICTION AND VENUE

8. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 (federal question); 29 U.S.C. § 216(b) (FLSA), and 28 U.S.C. § 1367(a) (supplemental jurisdiction).

9. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b)(1), (2) (venue generally) and 29 U.S.C. § 216(b) (FLSA).

## PARTIES

10. Plaintiff Terry Benton ("Benton") is a current employee of Defendant.

11. Plaintiff Zain Stephens ("Stephens") is a current employee of Defendant.

12. Plaintiff William Bergheger ("Bergheger") is a current employee of Defendant.

13. At all times relevant, Plaintiffs worked for Defendant as a Material Handler II.

14. Defendant Archer-Daniels-Midland Company ("ADM" or "Defendant") is an Illinois for-profit corporation, headquartered in Chicago, Illinois.

15. ADM maintains facilities throughout the State of Illinois, including Quincy, Illinois, in Adams County, within this judicial district.

16. ADM is a global food processing and commodities trading corporation.

17. ADM operates an extensive global transportation and logistics network, including grain elevators, ports, barges, rail, and trucks, helping move agricultural products worldwide.

18. At all times relevant, Plaintiffs worked for Defendant at its Quincy, Illinois facility.

19. At all relevant times herein, Plaintiffs, and the Plaintiff Class they seek to represent, were eligible for, and owed overtime pay compensation by virtue of their job title and duties, and did not fall into any exemptions to federal, or state, overtime pay requirements.

20. Plaintiffs and the Plaintiff Class are current and former non-tipped hourly employees who either currently work or worked for Defendant.

21. At no point during their respective time working for Defendant did Plaintiffs and the Plaintiff Class receive time-and-one-half their respective hourly rates for hours worked over forty (40) each week.

**FACTS**

Benton's Employment with Defendant

22. On or about January 8, 2024, Defendant hired Benton as a Material Handler II.

23. As a Material Handler II, Benton is responsible for operating equipment to load corn meal and other agricultural products from the processing mill onto barges docked on the Mississippi River.

24. Defendant offered to pay Benton at a rate of $24.64 hour, and to work at least 40 hours per week.

25. Benton accepted those unambiguous terms of employment.

26. Benton's hours were typically 6:00 a.m. until 4:00 p.m. ("AM Shift"), for which he earned $24.56 per hour, or 2:00 p.m. until 10:30 p.m. ("PM Shift"), for which he earned $25.26 per hour.

27. As of the filing of the instant complaint, Benton earns $27.00/hour and exclusively works the AM Shift.

28. As a non-exempt employee, Benton was entitled to overtime pay at a rate of time-and-one-half his regular hourly rate for all hours worked over forty (40) in a work week.

Stephens' Employment with Defendant

29. Defendant hired Stephens as a laborer June 1, 2021.

30. In August 2021, Stephens transitioned to the position of Material Handler II.

31. As a Material Handler II, Stephens is responsible for operating equipment to load corn meal and other agricultural products from the processing mill onto barges docked on the Mississippi River.

32. Defendant offered to pay Stephens at a rate of $27/hour, and to work at least 40 hours per week.

33. Stephens accepted those unambiguous terms of employment.

34. Stephens typically works the AM Shift.

35. As a non-exempt employee, Stephens was entitled to overtime pay at a rate of time-and-one-half his regular hourly rate for all hours worked over 40 in a work week.

Bergheger's Employment with Defendant

36. Defendant hired Bergheger as a laborer June 1, 2021.

37. In approximately November 2021, Bergheger transitioned to the position of Material Handler II.

38.     As a Material Handler II, Bergheger is responsible for operating equipment to load corn meal and other agricultural products from the processing mill onto barges docked on the Mississippi River.

39.     Defendant offered to pay Bergheger at a rate of $27/hour, and to work at least 40 hours per week.

40.     Bergheger accepted those unambiguous terms of employment.

41.     Bergheger typically works both the AM and PM shifts.

42.     As a non-exempt employee, Bergheger was entitled to overtime pay at a rate of time-and-one-half his regular hourly rate for all hours worked over 40 in a work week.

<u>Defendant Fail to Pay Plaintiffs and the Plaintiff Class Overtime Wages</u>

43.     Defendant violated various federal, state, and municipal laws in failing to pay Plaintiffs and the Plaintiff Class time-and-one-half for all hours worked in excess of forty (40) hours in a workweek.

44.     Plaintiffs and the Plaintiff Class consists of non-tipped hourly workers, who received the non-tipped minimum wage.

45.     Plaintiffs and the Plaintiff Class regularly worked in excess of forty (40) hours in a workweek.

46.     Plaintiffs and the Plaintiff Class were eligible for, and owed overtime pay compensation by virtue of their job titles and duties, and did not fall into any exemptions to federal, or state overtime pay requirements.

47.     Defendant maintained a policy of paying all non-tipped, hourly employees, including Plaintiffs and the Plaintiff Class straight time for all hours worked.

48. Despite their status as non-exempt and non-tipped hourly employees, Defendant failed to pay Plantiffs and the Plaintiff Class time-and-one-half their regular hourly rate for each hour worked over forty (40).

49. Instead, Plaintiffs received straight-time pay for all hours worked each workweek, including all hours worked over forty (40).

50. Accordingly, Defendant violated the FLSA, and IMWL, by failing to pay Plaintiffs time-and-one-half their regular hourly rates for all hours worked over forty (40) in each workweek, as defined under the FLSA, and IMWL.

## COLLECTIVE AND CLASS ALLEGATIONS

51. Plaintiffs and the Plaintiff Class seek to maintain this suit as a Collective pursuant to 29 U.S.C. §216(b) for violations of the FLSA and as a Class pursuant to Fed. R. Civ. Pro. 23, for violations of the IMWL, on behalf of themselves and all other nonexempt employees who were not fully compensated time-and-one-half their regular hourly rate for all hours worked over forty (40).

52. The proposed Class/Collective consists of:

> All current and former non-exempt, non-tipped hourly employees of ADM, including Material Handler I and IIs, maintenance employees, employees tasked with shipping and receiving, automation technician or assembly line operators, welder-fabricators or structural welders, mechanical assemblers responsible for breaks and governors, CNC or Precision Machinists – Mazak Operations, Gearless Drive Assembly technicians, controls assembly technicians or electrical tester-control systems, structure assembly technician – car sling production, metal fabricator or steel processing technicians, who worked for more than 40 hours in any workweek in the past 3 years and were paid straight time instead of time-and-one-half.

53. The allegations relating to unpaid overtime hours worked all employees employed by Defendant during the relevant time period.

54. Defendant employes over 100 employees at their Quincy, Illinois facility.

55. Defendant employs over 100 employees at each of their facilities nationwide, such that the Plaintiff Class numbers in the hundreds, if not thousands, making it so numerous that joinder of members of the Plaintiff Class in one lawsuit is impractical.

56. The issues involved in this lawsuit present common questions of law and fact, including:

   a. Whether Plaintiffs and the Plaintiff Class were paid time-and-one-half their rate for all hours worked over 40 in a workweek;

   b. Whether Defendant failed to pay Plaintiffs and the Plaintiff Class overtime wages as required by applicable federal law; and

   c. Whether Defendant failed to pay Plaintiffs and the Plaintiff Class overtime wages as required by applicable state law.

57. These questions of law and fact predominate variations that may exist between members of the Plaintiff Class, if any.

58. Plaintiffs also anticipate that Defendant will raises defenses that are common to the Plaintiff Class.

59. Plaintiffs, the other members of the Plaintiff Class, and Defendant have a commonality of interest in the subject matter of the lawsuit and the remedy sought.

60. If individual actions were required to be brought by each member of the Plaintiff Class injured or affected, the result would be a multiplicity of actions, creating a hardship to the Plaintiff Class, to the Court, and to Defendant.

61. Moreover, the alleged harm is ongoing, and Plaintiffs seek injunctive relief on a class-wide basis against Defendant to prevent further future violations of Federal and State Law.

62. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Plaintiff Class is entitled.

63. The books, records, and electronic data of Defendant are material to Plaintiffs' case as they disclose the Plaintiff Class' rate of pay, hours worked, and hourly wages.

64. Plaintiffs and their counsel will fairly and adequately protect the interests of the Plaintiff Class.

65. Plaintiffs retained counsel experienced in complex class action litigation.

66. Plaintiffs have no interest that is contrary to, or in conflict with, members of the class.

67. Within the prior three (3) years, and at all times relevant herein, Plaintiffs and the Plaintiff Class were employed by Defendant as "employees," as defined by the FLSA, IMWL, and IWPCA. 29 U.S.C. § 203(e)(1); 820 ILCS §105/3; 820 ILCS 115/2.

68. At all times relevant herein, Defendant employed Plaintiffs and the Plaintiff Class they seek to represent, and therefore meet the definition of "employers," as defined by the FLSA, IMWL, and IWPCA. 29 U.S.C. § 203(e)(1); 820 ILCS §105/3; 820 ILCS 115/2.

69. With the number of class members impacted by Defendant's unlawful practices, a class actions the proper procedure for adjudicating such claims. Plaintiffs request that the Court authorize and supervise notice to the members of the asserted classes so that all claims may be resolved efficiently in a single proceeding.

70. At all relevant times herein, Plaintiffs and the Plaintiff Class were eligible for, and owed overtime pay compensation by virtue of their job title and duties and did not fall into any exemptions to state, or federal overtime pay requirements.

## COUNT I – FLSA COLLECTIVE ACTION
## FAILURE TO PAY OVERTIME WAGES

71. Plaintiffs reallege and incorporate by reference the previous allegations of this Complaint.

72. This Count arises from Defendant's violation of the FLSA through its policy/practice of paying Plaintiffs and the Plaintiff Class straight time for all hours worked over 40 in a workweek, which resulted in them not receiving at least time-and-one-half their hourly rate for all hours worked over 40 in a workweek.

73. The FLSA requires that employers pay all non-exempt employees one-and-a-half times their regular hourly rate of pay for each hour worked in excess of 40 in a given workweek. 29 U.S.C. § 207.

74. Plaintiffs and the Plaintiff Class are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. §216(b) in that Defendant failed to pay Plaintiffs and the Plaintiff Class at least time-and-one-half their regular hourly rates for all hours worked over 40 in a workweek.

75. Pursuant to 29 U.S.C. § 216(b), this action may be maintained by a plaintiff who has been damaged by a defendant's failure to comply with 29 U.S.C. §§ 206 – 207. Plaintiffs attach as Exhibit A their Notices of Consent to Become a Party Plaintiff in a Collective Action under the FLSA.

76. Defendant's policy of paying Plaintiffs and the Plaintiff Class straight time for all hours worked over 40 in a workweek resulted in Plaintiffs and the Plaintiff Class not being paid at least time-and-one-half their regular hourly rates rate for all hours worked over 40 in a workweek.

77. All past and present employees who have worked for Defendant during the previous 3 years are similarly situated to Plaintiffs.

78. Defendant applied their compensation policies, which violate the FLSA, on a company-wide basis, including towards Plaintiffs and the Plaintiff Class.

79. Plaintiffs and the Plaintiff Class were engaged in job duties and responsibilities integral and indispensable to the operation of Defendant's business, and neither Plaintiffs nor any other member of the Plaintiff Class has received at least time-and-one-half their regular hourly rates rate for all hours worked over 40 in a workweek.

80. Defendant's failure to pay wages for all time worked and, as a result, its failure to pay time-and-one-half their regular hourly rates rate for all hours worked over 40 in a workweek, is a willful violation of the FLSA, since Defendant's conduct shows that it either knew that their conduct violated the FLSA or showed reckless disregard for whether its actions complied with the FLSA.

81. Plaintiffs' experiences are typical of the experiences of the Plaintiff Class.

82. For all members of the Plaintiff Class to become fully aware of their right to join this cause of action, a certain period of time, as determined by this Court, is necessary to send notice to the entire Plaintiff Class, as well as certain additional time for those members to file consent forms with this Court as provided by 29 U.S.C. § 216(b).

83. As a result of Defendant's time shaving policy/practice Plaintiffs and the Plaintiff Class suffered the loss of compensation in not receiving at least time-and-one-half their regular hourly rates rate for all hours worked over 40 in a workweek.

84. Defendant's policy/practice of paying Plaintiffs and the Plaintiff Class straight time for all hours worked over 40 in a workweek constituted a willful or reckless disregard for compliance with the FLSA.

## PRAYER FOR RELIEF AS TO COUNT I

WHEREFORE, Plaintiffs, on behalf of themselves and all other similarly situated persons, known and unknown, respectfully requests that this Court enter an order as follows:

A. Determining that this action may be maintained as a collective action pursuant to the FLSA;

B. Awarding judgment for back pay equal to the amount of all unpaid wages for the three (3) years preceding the filing of this Complaint, according to the applicable statute of limitations for willful violations of the FLSA;

C. Awarding liquidated damages in an amount equal to the amount of unpaid overtime compensation found due pursuant to the FLSA;

D. Awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

E. Awarding reasonable attorneys' fees and costs incurred in filing this action;

F. Entering an injunction precluding Defendants from violating the FLSA; and

G. Ordering such other and further relief as the Court deems appropriate and just.

## COUNT II – IMWL CLASS ACTION
## FAILURE TO PAY OVERTIME WAGES

85. Plaintiffs reallege and incorporate by reference the previous allegations of this Complaint.

86. This Count arises from Defendant's violation of the IMWL through its policy/practice of paying Plaintiffs and the Plaintiff Class straight time for all hours worked over 40 in a workweek, which resulted in them not receiving at least time-and-one-half their hourly rate for all hours worked over 40 in a workweek.

87. The IMWL requires an employer to pay its covered, non-exempt employees one and one-half times their regularly hourly rate for each hour worked in excess of 40 in a workweek. 820 ILCS 105/3(c), (d).

88. For the periods outlined herein, Defendant violated the IMWL by failing to pay Plaintiffs and the Plaintiff Class at a rate of at least time-and-one-half their regular hourly rates for all hours worked over 40 in a work week.

89. This action is brought as a class action under Fed. R. Civ. P. 23(b)(3) because the number of individuals who comprise the Plaintiff Class is so numerous that joinder of all Plaintiff Class members is impracticable. While the precise number of members of the Plaintiff Class has not

been determined at this time, Plaintiffs believes Defendant has employed in excess of 40 persons who have been subject to Defendant's common unlawful pay practices during the statutory three (3) year period preceding the filing of this Complaint.

90. Plaintiffs and the Plaintiff Class have been equally affected by Defendant's failure to properly pay at least time-and-one-half their regular hourly rates for all hours worked over 40 in a workweek.

91. Plaintiffs, and the Plaintiff Class are similarly situated individuals in that Defendant failed to pay Plaintiffs and the Plaintiff Class at least time-and-one-half their regular hourly rates for all hours worked over 40 in a workweek.

92. These non-payments resulted in Plaintiffs, and the Plaintiff Class receiving less than time-and-one-half their regular hourly rates for all hours worked over 40 in a work week.

93. The issues involved in this lawsuit present common questions of law and fact, which predominate over any variations that may exist between members of the Plaintiff Class.

94. Plaintiffs, and the Plaintiff Class have a commonality of interest in the subject matter and remedy sought.

95. Plaintiffs are able to fairly and adequately represent and protect the interests of the members of the Plaintiff Class.

96. Plaintiffs' Counsel is competent and experienced in litigating large wage and hour class and collective actions.

97. If individual actions were required to be brought by each member of the Plaintiff Class injured or affected, the result would be a multiplicity of actions, creating a hardship to the members of the Plaintiff Class, to the Court, and to Defendant. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Plaintiff Class is entitled.

98. As a result of the failure to pay overtime at a rate of one and a half times the regular rate, Plaintiffs, and the Plaintiff Class suffered damages in the form of unpaid overtime wages.

## PRAYER FOR RELIEF AS TO COUNT II

WHEREFORE, Plaintiffs, on behalf of themselves and all other similarly situated persons, known and unknown, respectfully requests that this Court enter an order as follows:

A. Determining that this action may be maintained as a class action under Fed. R. Civ. P. 23(b)(3);

B. Appointing Plaintiffs as Class Representatives and their Counsel as Class Counsel;

C. Statutory damages for overtime wage violations pursuant to the 5% interest penalties for IMWL and treble damages (820 Ill. Comp. Stat. 105/12(a));

D. Entering an injunction precluding Defendants from violating the IMWL;

E. Awarding reasonable attorneys' fees and costs incurred in filing this action; and

F. Ordering such other and further relief as the Court deems appropriate and just.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all claims.

Respectfully submitted,

s/ *Andrew Fullett*
One of Plaintiffs' Attorneys

The Garfinkel Group, LLC
701 N. Milwaukee Avenue, The CIVITAS
Chicago, IL 60642
Max Barack (IARDC No. 6312302)
max@garfinkelgroup.com
Andrew Fullett (IARDC No. 6328490)
andrew@garfinkelgroup.com
Haskell Garfinkel (ARDC No. 6274971)
haskell@garfinkelgroup.com
Matthew Fletcher (ARDC No. 6305931)
matthew@garfinkelgroup.com